Parker C. J.
The decree of the judge of probate is affirmed. By St. 1817, c. 190, § 17, it is enacted, “that administration of the goods or estate of any deceased person not administered upon by a former executor or administrator shall not be granted, until it shall evidently appear to the judge of probate, by the oath of the party applying, or otherwise, that there is personal estate of such deceased person, to the amount of twenty dollars or upwards, or debts of the like or greater value due from such deceased person unpaid.” Now it does not appear in any way that either part of this alternative exists. It is not alleged that there is any personal estate unadministered upon, nor is there any debt of any amount, unless the legacy given by the will to Elizabeth Chapin can be construed to be a debt, within the *384 meaning of the statute; and we think it cannot, for in no sense can a legacy, which is a gift, be construed to be a “ debt due from the deceased person.” The proper remedy for the legatee was upon the bond of the executor, if the legacy has not been paid.[1] And if this remedy is now lost, the great lapse of time without any demand made is probably the cause of the loss, and that is the fault of .the applicants.

 But an action at common law also lies for the recovery of a legacy, under St. 1783, c. 24, § 17 ; either against an executor, after a demand made; Miles v. Boyden, 3 Pick. 213 ; or against a devisee or terre-tenant of lands charged with the payment of legacies, &c. Swasey v. Little, 7 Pick. 296 ; Felch v. Taylor, 13 Pick. 133.
In Connecticut it has been decided, that assumpsit or debt will lie against an executor having assets, upon an implied promise. Knapp v. Hanford, 6 Connect. R. 170.